UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| NORMA YARBROUGH | CIVIL ACTION |
| --- | --- |
| VERSUS | NO. 18-10093 |
| CHRISTOPHER SWIFT, et al. | SECTION: "G"(1) |

## ORDER AND REASONS

Before the Court is Defendant Edward J. Cloos, III's ("Cloos") "Motion Pursuant to FRCP 12(b)."[1] In this litigation, Plaintiff Norma Yarbrough ("Plaintiff") alleges that Defendants Deborah Jackson, Edward J. Cloos, Sheral Kellar, Gwendolyn Thompson, Christopher Swift, David Jaffe, and Elliot Jaffe (collectively "Defendants") violated her constitutional rights in connection with her work-related accident.[2] Cloos filed a motion to dismiss, arguing that the Court does not have subject matter jurisdiction over the case and that Plaintiff provided Cloos with insufficient process and insufficient service of process.[3] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion and allow Plaintiff 21 days to correct the deficiency in process.

## I. Background

### A. *Factual Background*

In the Complaint, Plaintiff alleges that as an employee for Dress Barn, she experienced a work-related accident that left her disabled, and Defendants violated her constitutional rights in

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 1.

[3] Rec. Doc. 7.

1

failing to provide benefits related to her injury.[4] According to the Complaint, Plaintiff had a worker's compensation claim pending, and she engaged Cloos as legal counsel to represent her.[5] Plaintiff asserts that Cloos did not provide her with diligent representation and did not protect her interests.[6] Plaintiff also alleges that Gwendolyn Jackson, the judge who presided over the case, did not protect Plaintiff's interests when she failed to rule that Plaintiff was incompetent to sign a settlement agreement while she was taking prescribed narcotics.[7] Additionally, Plaintiff states that Defendant Christopher Swift, as the representative for The Hartford Insurance, denied Plaintiff medical benefits and terminated her life insurance policy.[8] Finally, Plaintiff contends that Defendant Sheral Kellar, Assistant Secretary of the Louisiana Workforce Commission, refused to assist Plaintiff with her medical claims.[9]

### B. *Procedural Background*

On November 6, 2018, Plaintiff filed a Complaint against Defendants.[10] On December 11, 2018, the Clerk issued summons to Plaintiff for service on Defendants.[11] On February 6, 2019, the Court issued a Show Cause Order, finding that none of the Defendants had been served and requiring Plaintiff to show cause on or before March 8, 2019 why Defendants should not be

---

[4] Rec. Doc. 3-1 at 3.

[5] *Id.* at 4.

[6] *Id.*

[7] *Id.* at 3.

[8] *Id.* at 3–5.

[9] *Id.* at 4–6.

[10] Rec. Doc. 3.

[11] Rec. Doc. 5.

dismissed for failure to prosecute.[12] On February 13, 2019, Plaintiff submitted documents as evidence of service of process on Defendants.[13]

On February 14, 2019, Cloos filed the instant motion to dismiss for lack of jurisdiction, insufficient process, and insufficient service of process.[14] On March 13, 2019, Plaintiff filed an opposition.[15] On April 12, 2019, the Court dismissed Plaintiff's claims against Defendants Deborah Jackson, Christopher Swift, David Jaffe, and Elliot Jaffe for failure to prosecute because the defendants had not appeared in this matter and Plaintiff had not moved for entry of default.[16]

## II. Parties' Arguments

### A. *Cloos' Arguments in Support of the Motion to Dismiss*

In the motion, Cloos urges the Court to dismiss Plaintiff's claims because the Court may lack subject matter jurisdiction over Plaintiff's claims, and there was insufficient process and insufficient service of process.[17] Cloos begins by describing the manner in which he was served with notice of the action.[18] Cloos states that a process server approached him in front of his home and personally served him with a document.[19] Cloos alleges that the document consisted of a single page that appeared to be the summons issued by the Court; there was no complaint

---

[12] Rec. Doc. 6.

[13] Rec. Docs. 8–14.

[14] Rec. Doc. 7.

[15] Rec. Doc. 15.

[16] Rec. Doc. 21.

[17] Rec. Doc. 7-1.

[18] *Id.* at 1.

[19] *Id.*

attached.[20] Cloos asserts that the summons only listed one named defendant—Christopher Swift.[21] Cloos contends that the process and service of process were both insufficient and he should be dismissed from the matter unless Plaintiff corrects the deficiencies.[22]

Cloos then acknowledges that because he did not receive a copy of the Complaint, he is unaware of Plaintiff's specific allegations, but he states that he is familiar with Plaintiff as one of his former clients.[23] Cloos alleges that he formerly represented Plaintiff in a worker's compensation claim, and Plaintiff settled the claim on October 23, 2015.[24] In arguing that the Court lacks subject matter jurisdiction, Cloos states that diversity jurisdiction does not exist because he and Plaintiff are both citizens of Louisiana.[25] Cloos contends that though he does not know the substance of Plaintiff's claims, based on his prior representation of Plaintiff, he believes she would only have state law claims.[26] Further, Cloos avers, Plaintiff's state law claims would likely be prescribed.[27] For these reasons, Cloos requests that the Court dismiss Plaintiff's claims against him.[28]

### B.    *Plaintiff's Arguments in Opposition to the Motion to Dismiss*

In opposition, Plaintiff argues that as her former counsel, Cloos is responsible for not

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.* at 2.

[27] *Id.*

[28] *Id.*

4

providing her with adequate legal representation in her worker's compensation case.[29] Plaintiff asserts that Cloos ignored the irregularities in her case, did not properly handle her Social Security claim, and collaborated with opposing counsel to work against her.[30] Plaintiff alleges that Cloos allowed her to sign the settlement agreement though he knew she was under the influence of narcotics and was incompetent to sign a legally binding document.[31] Finally, Plaintiff contends that Cloos unfairly charged her for his services.[32] For these reasons, Plaintiff urges the Court to deny Cloos' motion to dismiss.[33]

### III. Legal Standard

#### A.  *Standard on a 12(b)(1) Motion to Dismiss*

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by the Constitution and statute."[34] Thus, under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[35] In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on: (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts.[36] The plaintiff, as the party asserting jurisdiction, has the

---

[29] Rec. Doc. 15.

[30] *Id.* at 1–2.

[31] *Id.* at 2.

[32] *Id.* at 1.

[33] *Id.*

[34] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[35] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1000 (5th Cir. 1998) (internal citation omitted).

[36] *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). *See also Williamson*

burden of proving subject matter jurisdiction by a preponderance of the evidence.[37]

## B.     *Standard on a 12(b)(4) or 12(b)(5) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(4) provides that an action may be dismissed for "insufficient process." A challenge under Rule 12(b)(4) attacks the form of the process rather than how process was served.[38] By contrast, Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for "insufficient service of process." A Rule 12(b)(5) challenge contests the manner in which process was served.[39] District courts have broad discretion when determining whether to dismiss an action for ineffective service or ineffective service of process.[40]

When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[41] Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service.

The burden is clearly on the plaintiff to show good cause as to why service was not effected

---

*v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[37] *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (internal citations omitted).

[38] *McCoy v. Hous. Auth. of New Orleans*, No. CV 15-398, 2015 WL 9204434, at *5 n.75 (E.D. La. Dec. 17, 2015) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures* § 1353 (3d ed.) ( "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.") (citations omitted))).

[39] *Id.*

[40] *Henderson v. Republic of Texas*, 672 F. App'x 383, 384 (5th Cir. 2016) (citing *George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986)).

[41] **Error! Main Document Only.***Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).

timely,[42] and the plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[43] Nonetheless, the Court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause.[44]

### IV. Analysis

In the instant motion, Cloos argues that the Court should dismiss Plaintiff's claims because the Court may lack subject matter jurisdiction over Plaintiff's claims, and there was insufficient process and insufficient service of process.[45] In opposition, Plaintiff argues that as her former counsel, Cloos, failed to protect her constitutional rights or adequately represent her.[46] The Court will address each argument in turn.

A.   *Subject Matter Jurisdiction*

Cloos argues that the Court may lack jurisdiction over the action because the parties are not diverse, and Plaintiff may only have state law claims.[47] Cloos concedes, however, that because he has not received a copy of the Complaint, he cannot be certain that Plaintiff does not raise any federal claims.[48] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

---

[42] *McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993).

[43] *Gartin v. Par Pharm. Cos. Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

[44] **Error! Main Document Only.***Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *see also Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008).

[45] Rec. Doc. 7-1.

[46] Rec. Doc. 15 at 1.

[47] Rec. Doc. 7-1 at 1–2.

[48] *Id.*

States."

In the Complaint, Plaintiff states that "Mr. Cloos and Ms. Jackson …violated in all ways my Constitutional Rights."[49] Construing Plaintiff's *pro se* Complaint liberally,[50] it appears that Plaintiff is attempting to allege a claim under the United States Constitution. Therefore, subject matter jurisdiction appears to be proper under 28 U.S.C. § 1331, and Cloos' motion to dismiss under Rule 12(b)(2) is denied.[51]

## B. *Insufficient Process*

Cloos presents two arguments for why there was insufficient process.[52] First, Cloos asserts that the summons was hand-written and the named defendant on the summons was Christopher Swift.[53] Second, Cloos contends that the Complaint was not served with the summons.[54] In support of these arguments, Cloos attaches to the motion a copy of the document that he received.[55]

Federal Rule of Civil Procedure 4(a)(1) provides that a summons must:

> name the court and the parties; be directed to the defendant; state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff; state the time within which the defendant must appear and defend; notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; be signed by the clerk; and bear the court's seal.

---

[49] Rec. Doc. 3-1 at 3.

[50] *In re Tex. Pig Stands, Inc.,* 610 F.3d 937, 941 n.4 (5th Cir. 2010) (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

[51] Cloos does not move for dismissal under Rule 12(b)(6). Therefore, the Court does not address whether Plaintiff has sufficiently pled a federal claim at this time.

[52] Rec. Doc. 7-1 at 1.

[53] *Id.*

[54] *Id.*

[55] Rec. Doc. 7-4.

In examining the copy of the summons, the Court finds that the contents meet the requirements of Rule 4(a)(1). All of the required elements are included, and Cloos' name and address are listed on the summons as the defendant being served.[56] Though Christopher Swift is listed in the caption as the named defendant, Plaintiff includes "et al." to indicate that there are other defendants in the action, and Cloos, who is listed below in the "To:" section, is one of the other defendants.[57] Further, though the document is indeed handwritten, there is no requirement that the text be typed. Thus, the Court finds that there is no defect in the contents of the summons itself.

Cloos also asserts that he received only one sheet of paper as part of the service of process—a copy of the summons.[58] Under Federal Rule of Civil Procedure 4(c)(1), "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Failure to provide a defendant with a copy of the complaint may result in dismissal of the action.[59]

Plaintiff does not present any arguments to contest Cloos' representation that he only received a summons with no complaint attached. Plaintiff does not assert that she provided the process server or Cloos with a copy of the Complaint, and Plaintiff does not make any arguments to show good cause for this failure. While it is a standard practice for courts to liberally construe

---

[56] *Id.*

[57] *Id.*

[58] Rec. Doc. 7-1 at 1.

[59] *See Thrasher*, 709 F.3d at 510 ("[Plaintiff]'s failure to provide a copy of the complaint and his personal service of process violated Rule 4(c).").

9

pleadings from *pro se* litigants,[60] "[a] litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure.[61] All defendants must be served with a copy of the Complaint in order for an action to proceed against them. Therefore, Plaintiff's failure to serve Cloos with a copy of the Complaint violates Rule 4(c). Nonetheless, the Court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause.[62] Accordingly, the Court chooses to exercise its broad discretion in this matter, and herein orders that service must be affected upon Cloos within 21 days of this Order; failure to do so may result in a dismissal of this action.

## C. *Insufficient Service of Process*

Cloos states in the motion that he received insufficient service of process, but he does not indicate which facts are meant to support this assertion and the Court cannot determine the basis for his argument. Furthermore, the Court has granted Plaintiff an additional 21 days to properly affect service on Cloos. Therefore, the Court need not address this issue at this time.

## V. Conclusion

Based on the foregoing, the Court finds that it has subject matter jurisdiction over the action and Defendant Edward Cloos received sufficient service of process. Though Plaintiff failed to provide sufficient process because Cloos did not receive a copy of the Complaint, the Court will allow Plaintiff 21 days to serve Cloos with a copy of the Complaint.

Accordingly,

---

[60] *In re Tex. Pig Stands, Inc.,* 610 F.3d 937, 941 n.4 (5th Cir. 2010) (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

[61] *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

[62] *Id.*

**IT IS HEREBY ORDERED** that Defendant Edward J. Cloos, III's "Motion Pursuant to FRCP 12(b)"[63] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff Norma Yarbrough serve Defendant Edward Cloos with a copy of the Complaint within 21 days of this Order or the matter may be subject to dismissal.

**NEW ORLEANS, LOUISIANA,** this __8th__ day of May, 2019.

                                          **NANNETTE JOLIVETTE BROWN**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**

---

[63] Rec. Doc. 7.