UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NORMA YARBROUGH                                          CIVIL ACTION

VERSUS                                                   NO. 18-10093

CHRISTOPHER SWIFT, et al.                                SECTION: "G"(1)

## ORDER AND REASONS

In this litigation, Plaintiff Norma Yarbrough ("Plaintiff") alleges that Defendants Deborah Jackson, Sheral Kellar, Gwendolyn Thompson, Christopher Swift, David Jaffe, Elliot Jaffe, and Edward J. Cloos (collectively, "Defendants") violated her constitutional rights in connection with her work-related accident.[1] Before the Court is Defendant Edward J. Cloos's ("Cloos") "Motion to Dismiss."[2] In the instant motion, Cloos argues that Plaintiff's federal claims should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[3] Cloos also argues that Plaintiff's fraud claims should be dismissed because they are not pleaded with the required "particularity" under Federal Rule of Civil Procedure 9(b).[4] After considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the instant motion in part to the extent it requests dismissal of Plaintiff's federal claims. The Court declines to exercise supplemental jurisdiction over any remaining state law claims.

---

[1] Rec. Doc. 3-1.

[2] Rec. Doc. 30.

[3] Rec. Doc. 30-1 at 4.

[4] *Id.* at 2.

1

## I. Background

*A. Factual Background*

In the Complaint, Plaintiff alleges she experienced a work-related accident that left her disabled while an employee with Dress Barn.[5] Plaintiff asserts that Defendants violated her constitutional rights in failing to provide benefits related to her injury.[6] According to the Complaint, Plaintiff engaged Defendant Cloos as her legal counsel for a worker's compensation claim.[7] Plaintiff asserts that Cloos did not provide her with diligent representation and did not protect her interests.[8]

Plaintiff also alleges Gwendolyn Thompson, the judge who presided over her worker's compensation claim, failed to protect Plaintiff's interests by not ruling that Plaintiff was incompetent to sign a settlement agreement while she was taking prescribed narcotics.[9] Additionally, Plaintiff alleges Defendant Christopher Swift, as the representative for The Hartford Insurance, denied Plaintiff medical benefits and terminated her life insurance policy.[10] Finally, Plaintiff alleges Defendant Sheral Kellar, Assistant Secretary of the Louisiana Workforce Commission, refused to assist Plaintiff with her medical claims.[11]

---

[5] Rec. Doc. 3-1 at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 3.

[10] *Id.* at 3–5.

[11] *Id.* at 4–6.

## B. Procedural Background

On October 29, 2018, Plaintiff filed a Complaint against Defendants.[12] On February 6, 2019, the Court issued a Show Cause Order, finding that none of the Defendants had been served.[13] The Show Cause Order stated, "absent an appearance by the defendant or request for entry of default upon that defendant," Plaintiff must show cause on or before March 8, 2019 why certain defendants should not be dismissed for failure to prosecute.[14]

On February 13, 2019, Plaintiff submitted documents as evidence of service of process on Defendants.[15] However, Defendants Deborah Jackson, Christopher Swift, David Jaffe, and Elliot Jaffe never answered the Complaint and never appeared before this Court. Thus, on April 12, 2019, the Court dismissed Defendants Deborah Jackson, Christopher Swift, David Jaffe, and Elliot Jaffe because Plaintiff did not request a default judgment or show cause why the defendants should not be dismissed for Plaintiff's failure to prosecute.[16]

Thereafter, the Court granted a Motion to Dismiss filed by Defendants Gwendolyn Thompson ("Thompson") and Sheral Kellar ("Kellar").[17] The Court found that Plaintiff could not sue Kellar and Thompson under 42 U.S.C. § 1983 in their official capacities.[18] The Court also determined that Thompson and Kellar were immune from suit in their individual capacities because Plaintiff failed to allege facts which could overcome Thompson's judicial immunity and

---

[12] Rec. Doc. 1.

[13] Rec. Doc. 6.

[14] *Id.*

[15] Rec. Docs. 8–14.

[16] Rec. Doc. 21.

[17] Rec. Doc. 38.

[18] *Id.* at 21.

Kellar's qualified immunity.[19]

On July 8, 2019, Cloos, the last remaining defendant in this case, filed the instant motion to dismiss.[20] On July 26, 2019, the Court granted Plaintiff's request for an extension of time to respond to the instant motion.[21] On August 28, 2019, Plaintiff filed an opposition to the instant motion.[22]

## II. Parties' Arguments

### A. *Cloos's Arguments in Support of the Motion to Dismiss*

Cloos summarizes the complaint as alleging two causes of action: (1) violation of "constitutional rights" and (2) fraud or mistake.[23] Cloos argues that each cause of action must be dismissed.[24] First, with respect to the violation of Plaintiff's "constitutional rights," Cloos argues that the Constitution primarily concerns the relationship between citizens and the government and, in this case, the complaint expresses that Cloos and Plaintiff are both private citizens of Louisiana.[25] Cloos contends Plaintiff does not allege Cloos is an agent of the State.[26] As a result, Cloos concludes "it is difficult to imagine under what provision of the Constitution it would be possible to plead a 'plausible on its face' claim arising from the lawyer/client relationship" alleged

---

[19] *Id.*

[20] Rec. Doc. 30.

[21] Rec. Doc. 32.

[22] Rec. Doc. 34.

[23] Rec. Doc. 30-1 at 2.

[24] *Id.* at 2–5.

[25] *Id.* at 4.

[26] *Id.*

4

in the complaint.[27]

Second, with respect to Plaintiff's fraud claim, Cloos argues that Federal Rule of Civil Procedure 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake."[28] Cloos quotes Fifth Circuit precedent that requires a party under Rule 9(b) to allege the "who, what, when, where, and how of the alleged fraud."[29] Cloos argues that Plaintiff alleges "who" committed the fraud but does not allege any "what, when, where, and how."[30] Cloos concludes that the complaint does not satisfy the heightened pleading requirement under Rule 9(b).[31] Yet, even if properly pleaded under Rule 9(b), Cloos argues that Plaintiff "may not bring a suit grounded in State law under the principle of diversity" because Cloos and Plaintiff are both indisputably Louisiana residents.[32]

### B. *Plaintiff's Arguments in Opposition to Cloos's Motion to Dismiss*

In opposition, Plaintiff argues that the Court should deny the instant motion because Cloos failed to provide Plaintiff with adequate legal representation.[33] First, Plaintiff argues that Cloos forced her to sign a settlement agreement.[34] Second, Plaintiff argues that Cloos left her with unpaid medical expenses and refused to provide medical documentation.[35] Third, Plaintiff argues

---

[27] *Id.*

[28] *Id.* at 2 (quoting Fed. R. Civ. P. 9(b)).

[29] *Id.* (quoting *Rafizadeh v. Continental Common*, Inc. 553 F.3d 869, 874 (5th Cir. 2008)).

[30] *Id.* at 3.

[31] *Id.*

[32] *Id.* at 4.

[33] Rec. Doc. 34.

[34] *Id.* at 1.

[35] *Id.* at 2.

5

that Cloos did not provide adequate representation regarding social security issues.[36] For those reasons, Plaintiff argues Cloos's motion to dismiss should be denied.[37] Plaintiff does not provide any response to Cloos's argument that Plaintiff's fraud claims are not particularly pleaded as required by Rule 9(b).

### III. Legal Standard

#### A. *Legal Standard for a Motion to Dismiss under Rule 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[38] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[39] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[40] "Factual allegations must be enough to raise a right to relief above the speculative level."[41] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged."[42]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[43] Although required to accept all "well-pleaded facts" as

---

[36] *Id.*

[37] *Id.*

[38] Fed. R. Civ. P. 12(b)(6).

[39] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[40] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[41] *Twombly*, 550 U.S. at 555.

[42] *Iqbal*, 556 U.S. at 678.

[43] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

6

true, a court is not required to accept legal conclusions as true.[44] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[45] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[46] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[47] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[48] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[49] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[50]

## B. *Legal Standard for Fraud Claims under Rule 9(b)*

Federal Rule of Civil Procedure 9(b) subjects fraud claims to a heightened pleading standard.[51] Rule 9(b) requires a party to "state with particularity the circumstances constituting

---

[44] *Iqbal*, 556 U.S. at 677–78.

[45] *Id.* at 679.

[46] *Id.* at 678.

[47] *Id.*

[48] *Id.*

[49] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[50] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[51] *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 339 (5th Cir. 2008) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)).

fraud or mistake."[52] The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[53] Put another way, "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out."[54] Finally, "although scienter may be 'averred generally,' . . . pleading scienter requires more than a simple allegation that a defendant had fraudulent intent.[55] To adequately plead scienter, "a plaintiff must set forth specific facts that support an inference of fraud."[56]

## C. *Legal Standard for Supplemental Jurisdiction*

If a court has original jurisdiction over a federal claim pursuant to 28 U.S.C. § 1331, the court also has supplemental jurisdiction over related state law claims if the state law claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[57] Upon dismissal of the federal claim that served as the basis for original jurisdiction, the district court retains its statutory supplemental jurisdiction over the state law claims.[58] Yet it may choose whether or not to exercise that jurisdiction.[59] "A district court's decision whether to exercise [supplemental] jurisdiction

---

[52] Fed. R. Civ. P. 9(b).

[53] *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009).

[54] *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997).

[55] *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (quoting Fed. R. Civ. P. 9(b)).

[56] *Id.*

[57] 28 U.S.C. § 1367(a).

[58] *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009).

[59] *Id.*

after dismissing every claim over which it had original jurisdiction is purely discretionary."[60] The "general rule" in the Fifth Circuit is to decline to exercise jurisdiction over supplemental state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial, though "this rule is neither mandatory nor absolute."[61] 28 U.S.C. § 1367(c) enumerates the circumstances in which district courts may refuse to exercise supplemental jurisdiction:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> > (1) the claim raises a novel or complex issue of State law,
> >
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> >
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> >
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[62]

The Court's determination of whether to retain supplemental jurisdiction is guided by "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[63] The Fifth Circuit instructs that "no single factor" in the supplemental jurisdiction analysis is dispositive, and courts are to look to all of the factors under "the specific circumstances of a given case."[64]

---

[60] *Id.* at 639 ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

[61] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citations omitted).

[62] 28 U.S.C. § 1367.

[63] *Batiste*, 179 F.3d at 227; *Parker & Parsley Petroleum Co. v. Dresser Ind.*, 972 F.2d 580, 585 (5th Cir. 1992).

[64] *Parker*, 972 F.2d at 587.

9

## IV. Analysis

Although Plaintiff's pro se complaint does not clearly articulate each cause of action that she intends to bring against Cloos, the Court must liberally construe the complaint and address any federal or state cause of action potentially raised. Cloos, in his motion to dismiss, identifies two potential causes of action in the complaint: (1) federal claims for violations of Plaintiff's "constitutional rights" and (2) fraud claims.[65] Construing the complaint liberally, it does appear Plaintiff alleges that her federal constitutional rights were violated and that Cloos committed fraud.

### A. *Whether Plaintiff has Stated a Constitutional Claim under Rule 12(b)(6)*

Cloos argues that a federal constitutional claim cannot be maintained against him because Plaintiff cannot bring a constitutional claim against a private citizen.[66] Plaintiff does not respond to this argument or identify any statute under which Cloos could be held liable for violating her constitutional rights.

42 U.S.C. § 1983 establishes a cause of action against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." A person acts under color of state law when misusing "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."[67] "Private individuals generally are not considered to act under color of law, but private action may be

---

[65] *Id.*

[66] *Id.* at 4.

[67] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941) (internal quotation marks omitted).

10

deemed state action when the defendant's conduct is fairly attributable to the State."[68]

Here, Plaintiff alleges Cloos, as her legal counsel for a worker's compensation claim, did not provide diligent representation and did not protect her interests.[69] As a result, Plaintiff alleges Cloos "violated in all ways [her] Constitutional Rights."[70] It is clear from the allegations in the complaint that Cloos is a private individual, and Plaintiff does not allege any conduct by Cloos that could be fairly attributable to the State.[71] Accordingly, although it is not clear from the complaint whether she intended to bring a Section 1983 claim against Cloos, even construing her complaint liberally, any such claim would fail as a matter of law and therefore is hereby dismissed under Rule 12(b)(6).

B. *Whether Plaintiff has Stated a Federal Fraud Claim under Rule 9(b)*

The Court has dismissed all of Plaintiff's federal constitutional claims in this litigation. Yet, construing the complaint liberally, Plaintiff also appears to assert "fraud" claims against Cloos.[72] Plaintiff alleges that Cloos provided her with a check and told her "to wait two or three weeks to deposit [it] because he didn't have funds in his account."[73] Plaintiff further alleges Cloos stated that "he was under investigation for some issues."[74] In the instant motion, Cloos argues that Plaintiff does not satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement for fraud claims.

---

[68] *Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017) (internal citations and quotation marks omitted).

[69] Rec. Doc. 3-1 at 3.

[70] *Id.*

[71] Rec. Doc. 3-1.

[72] *Id.*

[73] *Id.* at 6.

[74] *Id.*

11

Here, because Plaintiff does not specify whether her fraud claim is a state or federal cause of action, the Court will first conduct a Rule 9(b) analysis for any potential federal fraud claim against Cloos. With respect to the fraud claim, Plaintiff alleges only that Cloos told her "to wait two or three weeks to deposit [a check] because he didn't have funds in his account" and "was under investigation for some issues."[75] That allegation states "who" committed the fraud by pointing to Cloos, but the allegation does not state the required "when, where, and how" of the alleged fraud. Indeed, Plaintiff's allegation does not provide any specific date or time describing "when" Cloos committed fraud. Similarly, Plaintiff does not allege "where" any fraudulent actions were conducted by Cloos. Plaintiff also does not allege "how" Cloos defrauded Plaintiff. Thus, by not alleging the "when, where, and how" of the alleged fraud, Plaintiff does not allege the factual details necessary to plead fraud with "particularity" under Rule 9(b).

Accordingly, even construing the complaint liberally, Plaintiff does not state any federal fraud claim with the required "particularity" under Rule 9(b). Thus, any potential federal fraud claim is hereby dismissed. The Court has now dismissed all of Plaintiff's federal claims in this litigation, including any federal constitutional claim and any federal fraud claim.

### C. *Whether this Court should Exercise Supplemental Jurisdiction over Plaintiff's Fraud Claims under State Law*

Construing the complaint liberally, Plaintiff appears to also assert state law fraud claims against Cloos under Louisiana law.[76] In the instant motion, Cloos argues that Plaintiff "may not bring a suit grounded in State law under the principle of diversity" because Cloos and Plaintiff

---

[75] *Id.*

[76] Rec. Doc. 3-1 at 6. Plaintiff may also be asserting a negligence claim against Defendant Gwendolyn Thompson. *Id.*

are both indisputably Louisiana residents.[77] Yet, if a court has original jurisdiction over a federal claim pursuant to 28 U.S.C. § 1331, the court also has supplemental jurisdiction over related state law claims when the state law claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[78] Accordingly, the Court will address whether it is appropriate to exercise supplemental jurisdiction over any remaining state law claims.

"As a general rule, a federal court should decline to exercise jurisdiction over pendent state claims when all federal claims are disposed of prior to trial."[79] A court's decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.[80] The Fifth Circuit has emphasized that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."[81]

Here, the balance of factors weighs in favor of the Court not exercising supplemental jurisdiction. First, judicial economy concerns weigh in favor of not exercising jurisdiction because the parties are still at the pleading stage in this litigation.[82] Second, the convenience factor

---

[77] Rec. Doc. 30-1 at 4.

[78] 28 U.S.C. § 1367(a).

[79] *Brim v. ExxonMobil Pipeline Co.*, 213 F. App'x 303, 305 (5th Cir. 2007) (citing C*arnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). *See also Parker*, 972 F.2d at 585 ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed") (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)).

[80] *Carlsbad Tech*, 556 U.S. at 639.

[81] *Parker*, 972 F.2d at 586–87 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)) (internal quotations and citations omitted).

[82] *See id.* (noting that judicial economy would have been better served by dismissal from federal court where

13

weighs in favor of not exercising jurisdiction because the parties need not perform any redundant or burdensome work to litigate in state court.[83] Third, federalism and comity concerns weigh in favor of declining to exercise jurisdiction because all of Plaintiff's remaining claims against Cloos must be decided under state law. Federal courts are courts of limited jurisdiction, and state courts often have superior familiarity with their jurisdictions' law.[84]

Finally, the fairness factor weighs in favor of not exercising jurisdiction because neither party would have to repeat the discovery process.[85] Accordingly, the Court declines to exercise supplemental jurisdiction over any remaining state law claims.

## V. Conclusion

For the foregoing reasons, the Court finds that Plaintiff has failed to state any federal claim against Cloos. The Court also declines to exercise supplemental jurisdiction over any remaining state law claims that Plaintiff appears to allege.[86]

Accordingly,

---

discovery had not been completed and the litigation was at a relatively early stage).

[83] *See id.* at 587–88 (finding no undue inconvenience to the parties where little new legal research would be necessary as a result of dismissal and where remaining claims would be governed by state law in either federal or state forum).

[84] *Id.* at 589 (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 122 n.32 (1984)).

[85] *Id.* at 588.

[86] To the extent Plaintiff alleges any state law claims against Defendants Gwendlyn Thompson and Sheral Kellar, the Court also declines to exercise supplemental jurisdiction over those state law claims.

**IT IS HEREBY ORDERED** that Defendant Edward J. Cloos's Motion to Dismiss[87] is **GRANTED IN PART** to the extent it seeks dismissal of Plaintiff's federal claims and any such claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over any remaining state law claims and any such claims are **DISMISSED WITHOUT PREJUDICE.**

**NEW ORLEANS, LOUISIANA,** this __4th__ day of November, 2019.

                                                    _____
                                                    **NANNETTE JOLIVETTE BROWN**
                                                    **CHIEF JUDGE**
                                                    **UNITED STATES DISTRICT COURT**

---

[87] Rec. Doc. 30.